# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JEFFERY WILLIAMS,**
**Claimant Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0986** (BOR Appeal No. 2054220)
           (Claim No. 2014015427)

**GREENBRIER COUNTY COMMISSION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeffery Williams, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Greenbrier County Commission, by Counsel Melissa M. Stickler, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted no additional permanent partial disability award on February 21, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its April 30, 2019, Order. The Order was affirmed by the Board of Review on September 24, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Williams, a police deputy, was injured in the course of his employment on November 20, 2013, when he was involved in a motor vehicle accident. Treatment notes from Greenbrier Medical Center indicate Mr. Williams reported back and chest pain. A thoracic CT scan showed osteophytic lipping and mild disc space narrowing. A lumbar CT scan showed disc space narrowing with osteophytic lipping at L3-4, L4-5, and L5-S1. There was facet joint hypertrophy, degenerative changes, and annular bulging at L3-4 and L4-5. A right shoulder x-ray showed a metallic foreign body in the shoulder. The Employees' and Physicians' Report of injury was completed that same day. The physician's section was completed by Greenbrier Valley Medical Center and indicates Mr. Williams injured his mid and lower back.

1

Mr. Williams treated with Lynn Smith, M.D., on December 9, 2013, for significant headaches and right lumbar radicular pain. Dr. Smith diagnosed occipital neuralgia with muscle spasms and lumbar radiculopathy. On December 16, 2013, Mr. Williams's neck symptoms had significantly improved, and his radicular symptoms had resolved. On December 30, 2013, his neck pain had resolved. His lumbar symptoms were still present. The claim was held compensable for lumbar and thoracic sprains on January 2, 2014.

Mr. Williams has a history of lower back problems. A September 30, 2004, lumbar MRI was performed due to lower back pain and right side radiculopathy. It showed disc herniations at L3-4 and L4-5 with nerve root compression. Mr. Williams also had minor degenerative changes and scoliosis. In an October 11, 2004, treatment note, Robert Crowe, M.D., saw Mr. Williams for low back pain, right sciatica, and right L4-5 disc herniation. Dr. Crowe noted that Mr. Williams was injured while wrestling a suspect to the ground in September of 2004. Dr. Crowe diagnosed right sciatica and right L4-5 disc herniation and recommended surgery. On October 29, 2004, Mr. Williams underwent a right L4-5 microdiscectomy. The pre and post-operative diagnoses were right sciatica and L4-5 disc herniation. Mr. Williams also had a previous workers' compensation claim, number 2005016665, which was held compensable for displaced intervertebral disc and lumbar sprain. Mr. Williams saw Celia McLay, D.O., on August 9, 2012, for acute back pain. It was noted that he had a work-related injury in 2004 for which he underwent surgery on the L4-5 disc. Mr. Williams had a good result from surgery and had resumed his regular workout routine. He reported that two weeks prior, he was playing golf and felt severe pain in his back. Dr. McLay manipulated Mr. Williams's lumbar spine, sacral spine, and pelvis. She diagnosed multiple muscle strains, lumbago, rib cage dysfunction, lumbar dysfunction, sacrum dysfunction, and pelvic dysfunction.

In the case at bar, a lumbar MRI was performed on May 4, 2014. It showed mild to moderate broad based disc bulging at L2-3 and mild to moderate broad based disc bulging causing mild foraminal narrowing at L3-4. At L4-5, there was mild to moderate broad based disc bulging, mild osteophyte formation, degenerative facet disease, and mild to moderate right foraminal narrowing with compression of the L4 nerve root. At L5-S1 there was mild broad-based disc bulging. Mr. Williams underwent a right L4-5 laminectomy and a medial facetectomy with excision of a disc herniation on February 9, 2015. The pre and post-operative diagnosis was recurrent L4-5 disc herniation causing radiculopathy.

A. E. Landis, M.D., performed an independent medical evaluation. In the report dated April 26, 2016, he noted Mr. Williams's prior low back injury and surgery. At the time of the evaluation, Mr. Williams reported that his pain was mostly in his right hip and lower back. Dr. Landis diagnosed moderate lumbar degenerative changes and post-operative changes at L4-5. Dr. Landis opined that Mr. Williams suffered a recurrent L4-5 disc herniation but that he had reached maximum medical improvement. Dr. Landis assessed 13% for lumbar spine impairment and apportioned 6% for preexisting conditions. He ultimately recommended 7% impairment for the lumbar spine. He declined to assess the right knee as it was not a compensable condition in the claim. The claims administrator granted a 7% permanent partial disability award on June 3, 2016.

Bruce Guberman, M.D., performed an independent medical evaluation on December 20, 2016, in which he diagnosed chronic post-traumatic lumbar strain with history of an L4-5 laminectomy and chronic post-traumatic thoracic strain. Dr. Guberman placed Mr. Williams in Category II-E of Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed 1993) for 10% impairment. He also found 5% impairment for range of motion loss for a combined lumbar impairment of 15%. He placed Mr. Landis in Lumbar Category III from West Virginia Code of State Rules § 85-20-C and adjusted the rating to 13%. For the thoracic spine, Dr. Guberman placed Mr. Williams in Category II-B from Table 75 for 2% impairment. He found 6% range of motion impairment for a combined total of 8% impairment. Dr. Guberman then placed Mr. Williams in Thoracic Category II from West Virginia Code of State Rules § 85-20-D. Dr. Guberman's combined impairment rating was 20% WPI.

In a May 17, 2017, addendum to his report, Dr. Landis opined that the thoracic spine is not part of the claim. Therefore, Dr. Guberman's finding of 8% impairment was not supported by the record. Dr. Landis also opined that any right knee impairment preexisted the compensable injury. On July 20, 2017, the Office of Judges remanded the claims administrator's decision with instructions to refer Mr. Williams for another independent medical evaluation. It found that Dr. Landis failed to evaluate the thoracic spine, a compensable component of the claim, and Dr. Guberman failed to apportion for preexisting lumbar impairment. On February 21, 2018, the claims administrator granted no additional permanent partial disability award. The Office of Judges modified the claims administrator's decision and added sacroiliac strain to the claim on April 6, 2018.

On October 3, 2018, Dr. Guberman performed an independent medical evaluation in which he diagnosed chronic post-traumatic lumbar and thoracic sprains and resolved cervical sprain. Dr. Guberman placed Mr. Williams in Category II-G of Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) for 12% impairment. He also found 7% impairment for range of motion loss for a combined lumbar impairment of 18%. He placed Mr. Williams in Lumbar Category III from West Virginia Code of State Rules § 85-20-C and adjusted the rating to 13%. Dr. Guberman did not apportion for preexisting lumbar impairment. For the thoracic spine, Dr. Guberman placed Mr. Williams in Category II-B from Table 75 for 2% impairment. He found 5% range of motion impairment for a combined total of 7% impairment. Dr. Guberman then placed Mr. Williams in Thoracic Category II from West Virginia Code of State Rules § 85-20-D. Dr. Guberman's combined impairment rating was 19% whole person impairment.

Dr. Landis completed an addendum to his report on November 4, 2018, in which he stated that he found no thoracic impairment during his evaluation. Mr. Williams had no thoracic symptoms or findings, and a thoracic CT scan taken at the time of the injury showed degenerative changes. Dr. Landis also noted that Dr. Guberman failed to apportion for Mr. Williams's previous lumbar injury and surgery.

The Office of Judges affirmed the claims administrator's grant of no additional permanent partial disability in its April 30, 2019, Order. It found that the claim was previously remanded with instructions for a new independent medical evaluation because Dr. Landis failed to rate the thoracic

spine and Dr. Guberman failed to apportion for preexisting lumbar issues. The Office of Judges found that Dr. Landis opined in an addendum to his report that Mr. Williams had no thoracic impairment. He noted that Mr. Williams received very little thoracic spine treatment. Dr. Landis also reiterated that Mr. Williams has 7% lumbar spine impairment after apportionment for his preexisting injury and surgery.

The Office of Judges determined that Dr. Guberman failed to apportion for preexisting lumbar impairment in both of his evaluations. In fact, he did not mention Mr. Williams's prior injury or surgery. Mr. Williams underwent lumbar spine surgery in 2004 for a L4-5 disc herniation. He then experienced intermittent strains and low back pain prior to the compensable injury. The Office of Judges concluded that Dr. Guberman's evaluation was unreliable. It found Dr. Landis's finding of 7% impairment to be reliable and affirmed the claims administrator's grant of no additional permanent partial disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 24, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. There are only two evaluators of record, and Dr. Landis was the only one to apportion for Mr. Williams's preexisting impairment. Dr. Guberman's report is not as reliable

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison